The ESTATE OF Valeria Tachiquin ALVARADO, by its personal representative, Gilbert Alvarado; et al., Plaintiffs-Appellees,

v.

**Stephanie SHAVATT, Defendant-Appellant,**

and

**Justin Craig Tackett; et al., Defendants.**

No. 15-55699

United States Court of Appeals, Ninth Circuit.

Argued and Submitted January 12, 2017 Pasadena, California

Filed January 18, 2017

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

Eugene G. Iredale, Grace Jun, Julia Yoo, Iredale and Yoo, APC, San Diego, CA, for Plaintiffs-Appellees

Timothy Patrick Garren, Timothy P. Garren, McLean, VA, Richard Tolles, Law Office of Richard Tolles, San Diego, CA, for Defendant-Appellant

Before: TASHIMA, TALLMAN, and FRIEDLAND, Circuit Judges.

## MEMORANDUM *

After Border Patrol Agent Justin Tackett shot and killed Valeria Tachiquin Alvarado on September 28, 2012, Tachiquin's estate, husband, children, and parents sued, among others, Stephanie Shavatt, the appellant here. Plaintiffs alleged that Shavatt acted with deliberate indifference in clearing Tackett for hiring as a Border Patrol Agent. Shavatt moved to dismiss the claim against her. The district court denied Shavatt's motion and held that she was not entitled to qualified immunity. Shavatt timely appealed. We have jurisdiction under 28 U.S.C. § 1291, *see Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985), and we reverse.

Government officials are entitled to qualified immunity from suits for damages unless (1) a plaintiff alleges facts that make out a constitutional violation, and (2) the right at issue was clearly established at the time of the alleged violation. *See Pearson v. Callahan*, 555 U.S. 223, 232, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009). Because Plaintiffs have not sufficiently alleged that a constitutional violation occurred, Shavatt is entitled to qualified immunity.

In *Board of the County Commissioners of Bryan County v. Brown*, 520 U.S. 397, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997), the Supreme Court established the standard of liability for hiring decisions: "Only where adequate scrutiny of an applicant's background would lead a reasonable policymaker to conclude that the plainly obvious consequence of the decision to hire the applicant would be the deprivation of a third party's federally protected right can the official's failure to adequately scrutinize the applicant's background constitute 'deliberate indifference.'" *Id.* at 411, 117 S.Ct. 1382. The Supreme Court explained that for liability to exist, there must be "a finding that *this* officer was highly likely to inflict the *particular* injury suffered by the plaintiff." *Id.* at 412, 117 S.Ct. 1382 (emphasis in original). "The connection between the background of the particular applicant and the specific constitutional violation alleged must be strong." *Id.*

Applying that standard to the allegations in this case, we conclude that Plaintiffs have failed to state a claim for deliberate indifference in hiring.[1] Although Tackett's previous law enforcement record included several incidents in which Tackett had committed unlawful searches and seizures, it did not include any incident or other conduct that made it "plainly obvious" that it was "highly likely" that, if hired, he would "inflict the *particular* injury" that Tachiquin suffered—seizure accomplished through firing a gun, causing her death.

To the extent that Plaintiffs frame their claim as a challenge to the pre-shooting seizure of Tachiquin, that argument fails because they have not adequately alleged that a pre-shooting seizure occurred. *See Brendlin v. California*, 551 U.S. 249, 254,

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. Because we reverse on this ground, we do not address Shavatt's arguments about whether the right at issue was clearly established.

127 S.Ct. 2400, 168 L.Ed.2d 132 (2007) ("A person is seized by the police … when the officer, 'by means of physical force or show of authority,' terminates or restrains his freedom of movement…." (quoting *Florida v. Bostick*, 501 U.S. 429, 434, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991))); *United States v. McClendon*, 713 F.3d 1211, 1215–16 (9th Cir. 2013) (adhering to a previous decision that "decline[d] to adopt a rule whereby momentary hesitation and direct eye contact prior to flight constitute submission to a show of authority," as required for a seizure (quoting *United States v. Smith*, 633 F.3d 889, 893 (9th Cir. 2011)) (alteration in original)).

We thus REVERSE and REMAND for entry of judgment of dismissal as to claims against defendant Shavatt on grounds of qualified immunity.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.